**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CONTINENTAL CASUALTY COMPANY,
    *Plaintiff*,

    v.

PHOENIX LIFE INSURANCE COMPANY
*et al*.,
    *Defendants*.

No. 3:19-cv-1448 (JAM)

**ORDER DENYING MOTION TO DISMISS OR STAY**

This case concerns a dispute over an insurance policy. Plaintiff Continental Casualty Company ("Continental") has filed this lawsuit against defendants Nassau Insurance Group Holdings L.P. ("Nassau"), Phoenix Life Insurance Company ("PLI"), and PHL Variable Insurance Company ("PHL"). Continental seeks a declaratory judgment as to the rights and obligations of all parties under an insurance policy that Continental issued to Nassau. Shortly after Continental filed this lawsuit, PHL filed a lawsuit against Continental in California state court concerning the same policy. Defendants now move to dismiss or stay this declaratory judgment action in deference to the pending California action. For the reasons explained below, I will deny defendants' motion.

**BACKGROUND**

Continental is an Illinois insurance company that also does insurance business in Connecticut. *Id*. at 2 (¶ 5). Continental filed this lawsuit seeking a declaration as to the rights and obligations of all parties under an insurance policy that it issued to defendant Nassau. *Id*. at 1. Defendant PHL is a Connecticut corporation and defendant PLI is a New York corporation, while the sole general partner of Nassau is a Cayman Islands corporation. *Id*. at 2-3 (¶¶ 6-8). All

1

three defendants, however, have their principal places of business in Connecticut, and all do insurance business in Connecticut. *Ibid*.

The policy at issue has a coverage limit of $10 million, inclusive of defense costs. *Id*. at 3, 9 (¶¶ 6, 33-35); *see also* Doc. #1-1 (the policy). Defendants have demanded coverage under the policy from Continental to defend against two class action lawsuits that been brought in the United States District Court for the Southern District of New York. Doc. #1 at 2 (¶ 3); *see also* Doc. #44 at 30.[1]

Throughout the summer of 2019, the parties engaged in discussions and negotiations about policy coverage for the two underlying class actions, and Continental eventually denied coverage. Doc. #1 at 6, 12 (¶¶ 24, 43). On September 16, 2019, Continental filed this action seeking a declaration under the Declaratory Judgment Act that there is no coverage for any insured party under Continental's insurance policy with respect to the two New York class actions. *Id*. at 1 (¶¶ 2-3).

But a few days after Continental filed this lawsuit, PHL sued Continental in California state court to seek declaratory relief concerning the same policy. PHL later amended the California complaint to name excess insurers as new defendants and also to seek damages from Continental for breach of contract in addition to declaratory relief. Doc. #16-4 (amended state court complaint).[2] Neither PLI nor Nassau, who is the named insured on the policy at issue in this case, are parties in the California action. *Ibid*.

---

[1] *Advance Trust & Life Escrow Services, LTA v. PHL Variable Insurance Company*, No. 18-cv-3444 (S.D.N.Y. April 14, 2018) and *Fan et al v. Phoenix Life Ins. Co.*, No. 18-cv-1288 (S.D.N.Y. Feb. 13, 2018).

[2] The excess insurers named in the California action are Certain Underwriters at Lloyd's of London Subscribing to Policy No. SPRFW1701179 (who issued the first excess coverage policy to PHL) and Certain Underwriters at Lloyd's of London Subscribing to Policy No. SPRFW1701180 (who issued the second excess coverage policy to PHL). Doc. #16-4 at 17-18 (amended state court complaint).

Continental removed the California action from state court to federal court in California, and PHL in turn moved to remand. While the remand motion was pending, defendants in this Connecticut action moved to dismiss or stay the action pursuant to a doctrine known as *Brillhart/Wilton* abstention. Doc. #15. Under the *Brillhart/Wilton* doctrine, federal courts may decline to exercise jurisdiction over a declaratory judgment action involving solely state law in deference to another parallel lawsuit pending in state court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942).[3]

Because the predicate for *Brillhart/Wilton* abstention is the pendency of an action raising state law claims in a state court, I denied defendants' initial motion on the ground that the California action was then pending in federal court—not state court—in California. Doc. #44 at 30-34 (oral ruling). But then after the California action was remanded to state court, defendants renewed their *Brillhart/Wilton* motion seeking to dismiss or stay this action in deference to the California state court action. Doc. #45. In the meantime, the California state court has denied Continental's motion to dismiss or stay that action on grounds of *forum non conveniens*. Doc. #54-1.

## DISCUSSION

The Declaratory Judgment Act ("DJA") permits—but does not require—a federal district court to exercise jurisdiction over a proposed declaratory judgment action when an actual controversy exists. *See* 28 U.S.C. § 2201(a). A district court has broad discretion when considering whether to exercise its jurisdiction under the DJA. *See Dow Jones & Co. v. Harrods*

---

[3] This doctrine has gone by different names in the Second Circuit including "*Brillhart* abstention," *Youell v. Exxon Corp.*, 74 F.3d 373, 375 (2d Cir. 1996) (*per curiam*), as well as "*Wilton* abstention," *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 104 (2d Cir. 2012), and more recently as "*Brillhart/Wilton* abstention." *Kanciper v. Suffolk Cty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013).

*Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Under *Brillhart/Wilton* abstention, "[t]o avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 104 (2d Cir. 2012) (internal quotations omitted); *see also Wilton*, 515 U.S. at 288; *Brillhart*, 316 U.S. at 494-95.

The Second Circuit has adopted a set of factors—known as the "*Dow Jones* factors"—to determine the applicability of *Brillhart/Wilton* abstention and to guide the exercise of discretion in Declaratory Judgment Act cases:

> Our test "asks (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved" and "(2) whether a judgment would finalize the controversy and offer relief from uncertainty." Other circuits have added additional factors: (3) "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata,'" (4) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court," and (5) "whether there is a better or more effective remedy."

*Niagara Mohawk Power Corp.*, 673 F.3d at 105 (quoting *Dow Jones*, 346 F.3d at 359-60); *see also McCullough v. World Wrestling Entm't, Inc.*, 2016 WL 3962779, at *16 (D. Conn. 2016) (explaining that "the law is clear that not only should the Court consider all five factors from *Dow Jones*, the Court is indeed *required* to do so") (emphasis in original); *Allstate Ins. Co. v. Essiam*, 2015 WL 3796243, at *2 (D. Conn. 2015) ("The Second Circuit has articulated five factors to guide a court's exercise of this discretion[.]"). I consider the five *Dow Jones* factors in turn.

The first two *Dow Jones* factors ask whether "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved" and "whether a judgment would

4

finalize the controversy and offer relief from uncertainty." *Niagara Mohawk Power Corp.*, 673 F.3d at 105. There is no doubt that this action will serve a useful purpose by clarifying and settling issues relating to the extent of Continental's obligations to the defendants under the policy. *See Essiam*, 2015 WL 3796243, at *2 ("A declaratory judgment determining whether Allstate is required to defend or indemnify Essiam and Koranteng in the state court actions surely clarifies and settles this specific legal issue and provides []the plaintiffs in the underlying suit, relief from uncertainty."). Here, Continental seeks a declaration that there is no coverage for any of the defendants with respect to the New York class actions. Doc. #1 at 2 (¶ 3).

Defendants argue that the resolution of this action will not finalize the controversy because this action does not include PHL's claim for damages for breach of contract or PHL's claims against excess insurers. "This may be true, but it is beside the point. The first two *Dow Jones* factors ask whether a declaratory judgment would provide clarity and finality with regard to the issues before the federal court, not the issues before the state court." *Essiam*, 2015 WL 3796243, at *2.

Thus, resolution of Continental's declaratory judgment action would finalize the pending dispute in this case between the parties as to whether Continental must provide coverage and offer all parties relief from uncertainty during the pendency of the New York class actions in addition to serving a useful purpose. "Indeed, courts in this Circuit routinely find that declaratory judgments with respect to an insurer's duty to defend and indemnify serve such a useful purpose and provide relief from uncertainty." *Allstate Ins. Co. v. Martinez,* 2012 WL 1379666, at *10 (D. Conn. 2012). Both of the first two *Dow Jones* factors weigh against abstention.

The third *Dow Jones* factor asks "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata[.]'" *Niagara Mohawk Power Corp.*, 673 F.3d at

105. There is insufficient evidence of any improper procedural fencing or race to *res judicata* by Continental filing its lawsuit in this Court. This action was filed before the California action, and Continental's choice of venue is not surprising in view that all three defendants have their principal places of business in Connecticut. The decision by Continental to sue the defendants in what is essentially their home forum does not smack of improper procedural gamesmanship. Federal courts should not "be eager to deny plaintiffs their statutorily granted right to forum selection." *Essiam*, 2015 WL 3796243 (internal quotations omitted).

Turning to the fourth *Dow Jones* factor, I must consider "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court[.]" *Niagara Mohawk Power Corp.*, 673 F.3d at 105. This factor is somewhat difficult to apply in light of some dispute about what law—Connecticut or California—will be applied to the policy. That said, encroachment upon the interests of California state courts is unlikely here because this case "does not involve novel or complex state law issues that are better left to the state courts to decide"; instead, this case centers on "a question of contract interpretation that is well within the competency of this Court." *Essiam*, 2015 WL 3796243, at *4 (quoting *Mount Vernon Fire Ins. Co. v. Linarte*, 2010 WL 908939, at *4 (D. Conn. 2010)). Given the far stronger connections that all three defendants have to Connecticut rather than California, as well as the locus of the underlying dispute in New York next door to Connecticut, it is unlikely that California state courts would view it as their prerogative to adjudicate the rights of the three defendants.

As to the final *Dow Jones* factor, I must ask "whether there is a better or more effective remedy." *Niagara Mohawk Power Corp.*, 673 F.3d at 105. Here, as to those claims that are presently pending before this Court, there is no showing that the California action would result in

a better or more effective remedy. *See Essiam*, 2015 WL 3796243, at *5 ("[T]he fifth *Dow Jones* factor requires a *better* alternative remedy. A Connecticut state court action is not a better alternative to this action—it is just an alternative.") (emphasis in original); *Martinez*, 2012 WL 1379666, at *9 (same); *see also* Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

If what the defendants want is a single forum for the resolution of their insurance coverage disputes, it looks to me that they can have it here in federal court in Connecticut. Although defendants have chosen to seek damages against Continental as well as to proceed against additional defendants in California, they do not show why they could not do the same here in this action in Connecticut. *See, e.g.*, *F5 Capital v. Pappas*, 856 F.3d 61, 78-79 (2d Cir. 2017) (noting that supplemental jurisdiction under 28 U.S.C. § 1367 may extend to claims against non-diverse third-party defendants brought by defendant as third-party plaintiff). By comparison, the California action is incomplete in light of the fact that two of the three defendants in this action—Nassau and PLI—are not parties to the California action. *See* Doc. #16-4 (amended state court complaint).

All in all, I conclude on balance that the *Dow Jones* factors weigh in favor of retaining jurisdiction over this declaratory judgment action. I will therefore deny defendants' motion to dismiss or stay this action in deference to the later-filed California state court action.

## CONCLUSION

For the foregoing reasons, defendants' renewed motion to dismiss or stay (Doc. #45) is DENIED.

It is so ordered.

Dated at New Haven this 10th day of August 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge